**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BANK OF SACRAMENTO,
a California corporation,

Plaintiff - Appellant,

v.

STEWART TITLE GUARANTY
COMPANY, a Texas corporation,

Defendant - Appellee.

No. 10-17391

D.C. No. 2:09-cv-00771-JAM-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted December 2, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District
Judge.[**]

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

The Bank of Sacramento appeals the district court's dismissal of its action against Stewart Title Guaranty Company for breach of contract and breach of the implied covenant of good faith and fair dealing. Because the parties are familiar with the facts, we do not recount them here.  We vacate the dismissal and remand for further proceedings.

The Bank's allegations in the Second Amended Complaint regarding a lack of reasonable diligence by Stewart were sufficient to state a breach of contract claim.  The Bank alleged that Stewart failed to properly investigate the third party action, failed to pursue the litigation against the adverse claimant, and delayed consenting to mediation.  In addition, the Bank alleged that Stewart knew of the third party interest at issue, insured it as subordinate to the Bank's interest, later tried unilaterally to change the policy, and improperly delayed the ultimate resolution by disclaiming coverage on grounds that could not have succeeded.  Taking these allegations as true, Stewart could be found to have failed to act in "a reasonably diligent manner," as required by section 8(a) of the policy.

Section 8(b) of the policy authorized Stewart to litigate the underlying adverse title claim.  The Bank's claim is limited to injury resulting from a lack of reasonable diligence.  Section 8(b) does not bar all liability claims simply because litigation did not result in an adverse judgment, however.  That interpretation

2

would produce an absurd result by absolving the insurer of any liability, despite a lack of diligence, whenever litigation was initiated but a claim was subsequently resolved short of final judgment, notably by settlement. The obligation imposed in section 8(a) for the title insurer to proceed in "a reasonably diligent manner" applies even when litigation is filed. Section 8(a) says as much. Stewart's proposed interpretation would render the phrase "including litigation" in section 8(a) meaningless. In accordance with California law, sections 8(a) and 8(b) of the insurance policy must be read together and interpreted so as to give effect to every part of the policy. *See Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (citing Cal. Civ. Code § 1641).

The Bank has alleged legally cognizable damages caused by the claimed breach in the form of increased carrying costs for any additional time title was unmarketable due to the alleged lack of reasonable diligence. This claim of damages is sufficient for the Second Amended Complaint to survive Stewart's motion to dismiss. We do not reach the validity of any of the other damages theories asserted by the Bank.

The Bank's claim for a breach of the implied covenant of good faith and fair dealing also survives the motion to dismiss. To properly allege a breach of the covenant of good faith and fair dealing, the Bank must show that "(1) benefits due

3

under the policy have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990). The Bank alleged that a benefit due under the policy – having title cleared in a reasonably diligent manner – was withheld. Failing to act with reasonable diligence is, by its nature, unreasonable or without proper cause, which satisfies the second prong of the test. As discussed above, the Bank alleged damages resulting from a lack of diligence sufficient to move beyond the pleading stage.

**VACATED AND REMANDED.**